FILED
JUN - 5 2015
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| James Robert Ross, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: |
| ) | |
| City of Jackson, Missouri, ) | 1:15CV00106SNLJ |
| ) | |
| and ) | Jury Demanded |
| ) | |
| Ryan Medlin, individually and in his ) | |
|    official capacity as a police officer, ) | |
| ) | |
| and ) | |
| ) | |
| Anthony Henson, individually and in his ) | |
|    official capacity as a police officer, ) | |
| ) | |
| and ) | |
| ) | |
| Toby Freeman, individually and his official ) | |
|    capacity as a police officer, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW THE PLAINTIFF, James Robert Ross, by and through his attorneys, Glaus & Gohn, L.C., and for his complaint against the Defendants, states, alleges, and avers as follows:

### NATURE OF ACTION

1. This 42 U.S.C. § 1983 action asserts violations of Plaintiff's civil rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution based on his being arrested, incarcerated, and criminally prosecuted for engaging in constitutionally protected free

speech and for being detained and arrested without probable cause. Plaintiff's complaint for injunctive relief, nominal, compensatory, and punitive damages arises from the January 25, 2015 arrest and detention of James Robert Ross, (hereinafter "Plaintiff") for the alleged offense of "Peace Disturbance," pursuant to Section 574.010 of the Revised Statutes of the State of Missouri and "Making a Terroristic Threat" pursuant to Section 574.115 of the Revised Statutes of the State of Missouri. Plaintiff alleges that Defendant Police Officers Ryan Medlin (hereinafter "Defendant Medlin), Anthony Henson, (hereinafter "Defendant Henson"), and Toby Freeman (hereinafter "Defendant Freeman"), acting in their official capacities as peace officers for the City of Jackson Police Department, violated his clearly established constitutional rights under the First, Fourth, and Fourteenth Amendments., Plaintiff further alleges that Defendant City of Jackson, Missouri (hereinafter "City of Jackson") failed to provide constitutionally adequate training and supervision to its police officers, which resulted in Plaintiff's arrest.

## PARTIES

2.Plaintiff is a resident and citizen of the United States of America, and at all times relevant hereto resided in the City of Cape Girardeau, County of Cape Girardeau, State of Missouri. At the times of the events of this case, Plaintiff was 20 years old. Plaintiff is, and at all times relevant hereto, was employed at Casey's General Store in Jackson, Missouri.

3.The City of Jackson is a municipal corporation and at all times relevant hereto was the public employer of Defendant Medlin, Defendant Henson, and Defendant Freeman.

4.Defendant Medlin, Defendant Henson, and Defendant Freeman were at all times relevant hereto duly appointed and acting as peace officers of the police department of the City of Jackson and acting under color of law, including color of statutes of the State of Missouri and the ordinances, regulations, policies, customs, and usages of the City of Jackson and its' police

department.

5. Defendant Medlin, Defendant Henson, and Defendant Freeman are sued in their individual capacities and in their official capacities as police officers for the City of Jackson.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983 to remedy Defendants' violation of Plaintiff's rights secured by the United States Constitution.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

8. Venue is proper in the United States District Court for the Eastern District of Missouri, Southeastern Division pursuant to 28 U.S.C. § 1391(b) as all Defendants, upon Plaintiff's best knowledge, information, and belief, reside within the Eastern District, Southeastern Division boundaries and all relevant acts and omissions occurred in Cape Girardeau County, Missouri.

9. Additionally, Plaintiff resides within the same geographical boundaries and is therefore subject to the jurisdiction of this Court.

## FACTS COMMON TO ALL COUNTS AND ALL PARTIES

10. On or about January 25, 2015, Plaintiff was using the social networking website known as "Facebook" with his personal Facebook account under his account username, "Rob Ross." The social networking website "Facebook" allows users to make comments, publish photographs, and post other content that can be viewed by other Facebook users' "Friends". Facebook "Friends" are individuals, groups, businesses, and other institutions with whom a Facebook user can communicate and share content. Facebook users can also write "comments"

in a designated "comment section", which appears below the original content and allows users to express opinions and make comments about the material contained in the posted content. Messages and content posted on Facebook between and among Facebook "Friends" is often visible to other Facebook users who are not "Friends" with the Facebook user who is posting comments or sharing content on another Facebook users' Facebook page.

11. On or about January 25, 2015, while browsing Facebook, Plaintiff came across an illustrated Facebook post entitled "Why I need a Gun." The content of this particular Facebook post was uploaded to Facebook by a Facebook user named "Paige Kimbel". The content of the of Facebook post was intended to discuss the purpose and use of various types of firearms. The Facebook post included the image of an AK-47 assault rifle with a caption that read: "This one is for self-defense against enemies, foreign & domestic, for preservation of freedom & liberty, and to prevent government atrocities."

12. On or about January 25, 2015, Plaintiff, in response to the aforementioned Facobook post, posted a critical and sarcastic rhetorical question in the "comment" section set forth beneath the original image.

13. Plaintiff, who is a gun-control advocate, posted the following question: "Which one do I need to shoot up a kindergarten?" Plaintiff did not make any further additional comments on that particular Facebook post. Plaintiff's comment was worded in the form of a rhetorical question and did not make any specific, direct threat against any specific, identifiable person or persons. Plaintiff's comment was intended to be a critical comment directed at and in response to the many mass shootings that have occurred at schools in the United States in recent years, often through the use of assault rifles.

14. Plaintiff's comment was not unreasonable nor was it made with the purpose of

knowingly disturbing or alarming another person or persons. Plaintiff's comment was not a threat to commit a felonious act against any person or person under circumstances which were likely to cause a reasonable person to fear that such threat may be carried out. Rather, Plaintiff was using his constitutionally-protected First Amendment right to free speech to engage in political commentary on a popular social media website.

15. Plaintiff has often been critical of what he sees as lax firearm regulation in the United States and its perceived connection to firearm violence, particularly mass school shootings, which have often been carried out through the use of assault rifles. To express his political dissatisfaction with the content contained on Paige Kimbel's Facebook post, Plaintiff posted his comment in the form of a dark-humored, hyperbolic rhetorical question to bring attention to the fact that the firearms depicted in the Facebook post have often been used in mass school shootings.

16. On or about January 26, 2015, Defendant Medlin was off-duty when he claims he received an anonymous tip regarding a "threat" made on Facebook. Defendant Medlin investigated the alleged threat and identified Plaintiff as the individual who made the alleged threat. The alleged threat that was reported to and investigated by Defendant Medlin was, in fact, the very same comment as posted by Plaintiff as set forth above.

17. Upon reviewing the alleged threat on Facebook and discovering Plaintiff's identity, Defendant Medlin contacted Defendant Henson and Defendant Freeman via text message to inform Defendant Henson and Defendant Freeman of Plaintiff's aforementioned Facebook comment.

18. On or about January 26, 2015, Defendant Medlin, Defendant Henson, and Defendant Freeman met at the Jackson Police Department to discuss the alleged threat made by

Plaintiff, Defendants Henson and Freeman proceeded to make contact with Plaintiff at his place of employment.

19. Defendants Henson and Freeman made contact with Plaintiff at his place of employment and proceeded to arrest him by handcuffing him and placing him in police custody. Defendants Henson and Freeman then transported Plaintiff in the back seat of a Jackson Police Department patrol vehicle to the Jackson Police Department.

20. Upon arrival at the Jackson Police Department, Defendant Medlin advised Plaintiff of his constitutional right to remain silent and his constitutional right to an attorney per Miranda vs. Arizona. Plaintiff knowingly waived his right to remain silent and his right to an attorney. Plaintiff then agreed to speak with Defendant Medlin and answer his questions.

21. Under questioning, Plaintiff admitted that he posted the aforementioned Facebook comment and that he had done so in a satirical manner and in reference to the Newton, Massachusetts Sandy Hook mass school shooting of December 14, 2012. Plaintiff further stated that he considered himself to be a pacifist and that he supported gun control because gun control would prevent massacres like the Sandy Hook school shooting. He also stated that his comment was not intended to convey a threat but to make a political statement.

22. Defendant Medlin then proceeded to apply for an arrest warrant. Defendant Medlin's probable cause affidavit that he wrote in support of his request for an arrest warrant did not identify any specific person or persons who were disturbed or alarmed by Plaintiff's Facebook comment. Defendant Medlin's probable cause affidavit that he wrote in support of his request for an arrest warrant did not identify any specific person or persons who were allegedly targeted by Plaintiff's alleged "threat." Furthermore, Plaintiff's own statements to Defendant Medlin as set forth in the probable cause affidavit regarding the meaning and intent of his

Facebook comment made clear that Plaintiff was engaging in constitutionally protected speech.

23. On or about January 26, 2015, Defendant Medlin applied for an arrest warrant from the Cape Girardeau County Prosecuting Attorney's Office and Plaintiff was placed on a twenty-four hour hold while the requested arrest warrant was drafted and signed. On or about January 27, 2015, an arrest warrant was issued for the arrest of Plaintiff for the alleged offense of "Peace Disturbance." The arrest warrant set Plaintiff's bond at one-thousand dollars ($1,000.00), "cash only." Defendant was then imprisoned at the Cape Girardeau County Sheriff's Department until January 28, 2015, when he posted bond and was released. Plaintiff was unlawfully detained and imprisoned for approximately 72 hours.

24. On or about January 27, 2015, Cape Girardeau County Assistant Prosecuting Attorney Frank E. Miller charged Plaintiff with the class B misdemeanor of Peace Disturbance, in violation of Section 574.010 RSMo., in a one count Information that was filed with Division III of the Circuit Court of Cape Girardeau County, Missouri; Case Number 15CG-CR00237.

25. On or about January 30, 2015, Plaintiff was arraigned in Division III of the Circuit Court of Cape Girardeau County, Missouri. Plaintiff waived formal arraignment and entered a plea of not guilty. Plaintiff's charge was later dismissed by Assistant Prosecuting Attorney Frank E. Miller on April 7, 2015.

26. Defendants Medlin, Freeman, and Henson, acting under color of law, violated Plaintiff's constitutionally protected civil liberties by arresting Plaintiff without probable cause.

27. As a direct and proximate result of the actions and inactions of the Defendants, Plaintiff suffered the following injuries and damages:

    A. Unlawful deprivation of his liberty, and

    B. Violation of his constitutional rights under the First Amendment to be free

from arrest for constitutionally protected acts of expression,

C. Violation of his constitutional rights under the fourth and fourteenth amendments to be free from unlawful search and seizure.

28. Defendants' conduct was motivated by either an evil motive, or in the alternative, reckless or callous indifference to Plaintiff's federally protected constitutional rights.

## COUNT I

*PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANTS MEDLIN, HENSON, AND FREEMAN FOR VIOLATION OF 42 U.S.C. § 1983 - UNLAWFUL SEIZURE*

29. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

30. Plaintiff claims nominal, compensatory, and punitive damages for the injuries and damages set forth under 42 U.S.C. § 1983 above against Defendants Medlin, Henson, and Freeman for reckless or intentional violation of Plaintiff's constitutional rights under color of law for detaining, arresting, and imprisoning Plaintiff without probable cause.

## COUNT II

*PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANTS MEDLIN, HENSON, AND FREEMAN FOR VIOLATION OF 42 U.S.C. § 1983 - FIRST AMENDMENT VIOLATION*

31. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

32. Plaintiff claims nominal, compensatory, and punitive damages for the injuries and damages set forth under 42 U.S.C. § 1983 above against Defendants for reckless or intentional violation of his constitutional rights under the First Amendment to be free from arrest

for constitutionally protected acts of expression.

## COUNT III

*PLAINTIFF'S CAUSE OF ACTION AGAINST CITY OF JACKSON FOR VIOLATION OF 42 U.S.C. § 1983*

33. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

34. The Jackson Police Department is an agency of the Defendant City of Jackson, Missouri. Defendant City of Jackson has granted Defendants Medlin, Henson, and Freeman, in their official capacity with the Jackson Police Department, final decision-making authority over the manner in which the Jackson Police Department and its' officers conduct investigations into alleged criminal activity and the circumstances under which it will seek warrants pursuant to such investigations.

35. Despite there being no probable cause to believe that Plaintiff committed any criminal offense, Defendant Medlin sought a warrant for Plaintiff's arrest. Defendants' decision to detain, arrest, and imprison Plaintiff were made in the course of Defendants' official duties as agents and employees of the City of Jackson.

36. Prior to Plaintiff's illegal arrest on January 26, 2015, the City of Jackson developed and maintained policies or customs exhibiting deliberate indifference to the constitutional freedom of speech, expression of rights, and rights to be free from unlawful search and seizure of persons and/or property, which directly result in the violation of Plaintiff's rights.

37. It was the policy, custom, or both of the City of Jackson to inadequately supervise and train its police officers, including Defendants, about constitutional rights to freedom of speech and unlawful searches and seizures, thereby failing to prevent the unconstitutional

violations against Plaintiff. The City of Jackson did not require appropriate training, in-service training, or re-training of officers to provide them an adequate understanding of persons' rights under the First, Fourth, and Fourteenth Amendments. Moreover, the City of Jackson did not provide adequate supervision to prevent the arrest of individuals for exercising their clearly established First, Fourth, and Fourteenth Amendment rights.

38. The aforementioned policies and customs demonstrate a deliberate indifference on the part of policymakers of the City of Jackson to the constitutional rights of persons within the City of Jackson and were the cause of the violation of Plaintiff's rights alleged herein.

39. Defendant City of Jackson, Missouri, acting under color of law and through the official conduct of Defendants, violated Plaintiff's clearly established rights under the First and Fourth Amendment, as applied to the States by operation of the Fourteenth.

40. Plaintiff claims nominal, compensatory, and punitive damages for the injuries and damages set forth under 42 U.S.C. § 1983 above against Defendant City of Jackson for reckless or intentional violation of Plaintiff's constitutional rights under color of law.

WHEREFORE Plaintiff respectfully requests this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Upon proper motion issue a preliminary and permanent injunction enjoining Defendants from violating the federally secured constitutional rights of persons and requiring the City of Jackson to develop and implement an adequate training program for its police officers concerning the rights for freedom of speech, expression, and unlawful search and seizure;

C. Award Plaintiff nominal, compensatory, and punitive damages against Defendants;

D. Issue an order requiring Defendants to acknowledge the violation of Plaintiff's rights in writing;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provision of law; and

F. Allow any additional relief to Plaintiff the court deems just and appropriate under the circumstances.

Respectfully submitted,

*/s/ Gordon Glaus*

GORDON L .GLAUS, 54033 MO
GLAUS & GOHN, L.C.
1930 Broadway
Cape Girardeau, MO. 63701
(573) 332-1341  Fax: (573) 334-5347
Gordon@glausandgohn.com
ATTORNEY FOR PLAINTIFF

*/s/ Adam Gohn*

ADAM E. GOHN, 65533 MO
GLAUS & GOHN, L.C.
1930 Broadway
Cape Girardeau, MO. 63701
(573) 332-1341  Fax: (573) 334-5347
Adam@glausandgohn.com
ATTORNEY FOR PLAINTIFF